**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

APR 29 2016

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| GEORGE LEE ODEMNS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case: 1:16-cv-00798   Jury Demand |
| v. | ) Assigned To : Unassigned |
| | ) Assign. Date : 4/29/2016 |
| MURDOCH FAMILY TRUST, et al., | ) Description: Pro Se Gen. Civil (F Deck) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Having reviewed the plaintiff's complaint, the Court concludes that what factual contentions are identifiable are baseless and wholly incredible. For example, the allegation that defendants "had allegedly been using the plaintiff['s] oral and/or electronic communication(s) for pseudonym work," Compl. at 6, does not comprise a viable legal claim. Furthermore, the allegations of the complaint "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).

The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An Order consistent with this Memorandum Opinion is issued separately.

DATE: 4/26/2016

_____
United States District Judge

3